# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

_____

|  |  |  |
|---|---|---|
| HOWARD T. BALDWIN, individually and on behalf of all others similarly situated, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 14-cv-00588 |
| v. | ) | |
| | ) | Hon. Rebecca R. Pallmeyer |
| STAR SCIENTIFIC INC., ROCK CREEK PHARMACEUTICALS, INC., and GNC HOLDINGS, INC., | ) | |
| | ) | Magistrate Judge Daniel G. Martin |
| | ) | |
| | ) | |
| Defendants. | ) | |

_____

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

John W. Rotunno
Paul J. Walsen
Molly K. McGinley
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602-4207
Telephone: 312.372.1121
Facsimile: 312.827.8000
    Email: john.rotunno@klgates.com
    Email: paul.walsen@klgates.com
    Email: molly.mcginley@klgates.com
*Attorneys for Defendants Star Scientific, Inc.,*
*Rock Creek Pharmaceuticals, Inc.,*
*and GNC Holdings, Inc.*

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................. 1

II.   ARGUMENT .................................................................................................... 1

    A.    Plaintiff's Claims Under the Laws of Jurisdictions Other Than Illinois Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(1) .................................... 1

        1.    Legal Standard ........................................................................... 2

        2.    Plaintiff Lacks Standing to Assert Claims Under the Laws of States Other Than Illinois on Behalf of Purchasers in Those States ..................... 2

    B.    The Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) ........... 3

        1.    Legal Standard ........................................................................... 3

        2.    Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted Under the Illinois Consumer Fraud and Deceptive Business Practices Act ................................................................. 4

            i.    Plaintiff Fails to Allege with Particularity a Deceptive Act by an Individual Defendant ........................................... 5

            ii.    Plaintiff Fails to Allege with Particularity When or Where He Saw the Alleged Representations. ........................................... 7

            iii.    Plaintiff Fails to Allege with Particularity How the Alleged (but Unspecified) Representations Were False or Deceptive. ................................................................. 8

        3.    Plaintiff Has Failed to State a Claim for Breach of Express or Implied Warranty ...................................................................... 11

            i.    Counts II and III Must Be Dismissed as to Star Scientific Because Plaintiff Has Not Alleged Privity of Contract. .............. 11

            ii.    Count II Must Be Dismissed as to All Defendants ...................... 12

            iii.    Count III Must Be Dismissed as to All Defendants ..................... 14

                a.    Plaintiff Has Failed to State a Claim for Breach of an Implied Warranty of Merchantability. ......................... 15

    b.  Plaintiff Has Failed to State a Claim for Breach of an Implied Warranty of Fitness for a Particular Purpose............................................................................ 16

  4.  Plaintiff Has Failed to State a Claim for Unjust Enrichment.................... 17

CONCLUSION ............................................................................................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allstate Ins. Co. v. Toyota Motor Mfg. N. Am., Inc.*,
No. 09 C 1517, 2009 WL 3147315 (N.D. Ill. Sept. 28, 2009)................................11

*Arreola v. Godinez*,
546 F.3d 788 (7th Cir. 2008) ................................................................2

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................3, 4

*Ass'n Benefit Serv. v. Caremark Rx, Inc.*,
493 F.3d 841 (7th Cir. 2007) ................................................................19

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................ *passim*

*Bettua v. Sears, Roebuck and Co.*,
No. 08 C 1832, 2009 WL 230573 (N.D. Ill. Jan. 30, 2009) ................................19

*Bober v. Glaxo Wellcome PLC*,
246 F.3d 934 (7th Cir. 2001) ................................................................9

*Caterpillar, Inc. v. Usinor Industeel*,
393 F. Supp. 2d 659 (N.D. Ill. 2005) ................................................................11

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983)................................................................2

*Collins Co., Ltd. v. Carboline Co.*,
837 F.2d 299 (7th Cir. 1988) ................................................................11

*In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*,
No. 09 CR 3690, 2013 WL 4506000 (N.D. Ill. Aug. 23, 2013) ................................2

*Davis v. G.N. Mortg. Corp.*,
396 F.3d 869 (7th Cir. 2005) ................................................................4

*DeLeon v. Beneficial Constr. Co.*,
55 F. Supp. 2d 819 (N.D. Ill. 1999) ................................................................4, 5, 7

*Disability Rights Wisconsin, Inc. v. Walworth Cnty. Bd. of Supervisors*,
522 F.3d 796 (7th Cir. 2008) ................................................................2

*In re Ductile Iron Pipe Fittings ("DIPF") Indirect Purchaser Antitrust Litig.*,
No. 12-169, 2013 WL 5503308 (D.N.J. Oct. 2, 2013) ...........................................2

*Duggan v. Terzakis*,
275 F. Supp. 2d 968 (N.D. Ill. 2003) .....................................................................4

*Eckler v. Wal-Mart Stores, Inc.*,
No. 12-CV-727-LAB-MDD, 2012 WL 5382218 (S.D. Cal. Nov. 1, 2012) ..........................10

*Greifenstein v. The Estée Lauder Corp., Inc.*,
No. 12-cv-09235, 2013 WL 3874073 (N.D. Ill. July 25, 2013) .......................................7, 8, 9

*Heisner ex rel. Heisner v. Genzyme Corp.*,
No. 08-C-593, 2008 WL 2940811 (N.D. Ill. July 25, 2008) ................................................12

*Ibarolla v. Nutrex Research, Inc.*,
No. 12 C 4848, 2012 WL 5381236 (N.D. Ill. Oct. 31, 2012)............................................14, 19

*Indus. Hard Chrome, Ltd. v. Hetran, Inc.*,
64 F. Supp. 2d 741 (N.D. Ill. 1999) ......................................................................15, 16, 17

*Int'l Bhd. of Teamsters Local 734 Health and Welfare Trust Fund v. Phillip Morris, Inc.*,
34 F. Supp. 2d 656 (N.D. Ill. 1998) .....................................................................12

*Jamison v. Summer Infant (USA), Inc.*,
778 F. Supp. 2d 900 (N.D. Ill. 2011) ....................................................................15

*Karpowicz v. General Motors Corp.*,
1997 WL 413929 (N.D. Ill. July 18, 1997).............................................................14

*Siegel ex rel. Latham v. J & H Marsh & McLennon, Inc.*,
159 F. Supp. 2d 1118 (N.D. Ill. 2001) ....................................................................7

*Xi Chen Lauren v. PNC Bank, N.A.*,
No. 2:13-cv-762, 2014 WL 123099 (W.D. Pa. Jan. 14, 2014) .................................2

*In re McDonald's French Fries Litig.*,
503 F. Supp. 2d 953 (N.D. Ill. 2007) ...............................................................11, 16

*Merix Pharm. Corp. v. Clinical Supplies Mgmt., Inc.*,
No. 11 C 3318, 2012 WL 1577676 (N.D. Ill. May 4, 2012) ..................................16

*Miller v. Showcase Homes, Inc.*,
No. 98 C 2009, 1999 WL 199605 (N.D. Ill. Mar. 31, 1999) ..................................13

*Muehlbauer v. General Motors Corp.*,
431 F. Supp. 2d 847 (N.D. Ill. 2006) ..................................................................5, 7

*N. Ins. Co. of N.Y. v. Silverton Marine Corp.*,
No. 10 CV 345, 2010 WL 2574225 (N.D. Ill. June 23, 2010)..........................................11, 12

*Padilla v. Costco Wholesale Corp.*,
No. 11 C 7686, 2012 WL 2397012 (N.D. Ill. June 21, 2012) ...................................................4

*Payton v. Cnty. of Kane*,
308 F.3d 673 (7th Cir. 2002) ...................................................................................................2

*In re Plasma-Derivative Protein Therapies Antitrust Litig.*,
No. MDL 2109, 2012 WL 39766 (N.D. Ill. Jan. 9, 2012) ........................................................2

*In re Potash Antitrust Litig.*,
667 F. Supp. 2d 907 (N.D. Ill. 2009) ...................................................................................2, 3

*Pressalite Corp. v. Matsushita Elec. Corp. of Am.*,
No. 02 C 7086, 2003 WL 1811530 (N.D. Ill. Apr. 4, 2003)....................................................13

*Prudential Ins. Co. of Am. v. Clark Consulting, Inc.*,
548 F. Supp. 2d 619 (N.D. Ill. 2008) .....................................................................................18

*Purizer Corp. v. Battelle Memorial Institute*,
No. 01 C 6360, 2002 WL 22014 (N.D. Ill. Jan. 7, 2002) .......................................................18

*In re Sears, Roebuck & Co. Tools Marketing and Sales Practices Litig.*,
No. MDL-1703, 2009 WL 937256 (N.D. Ill. Apr. 6, 2009).........................................7, 8, 19

*Sefton v. v. Toyota Motor Sales U.S.A.*,
No. 09 C 3787, 2010 WL 1506709 (N.D. Ill. Apr. 14, 2010)....................................................7

*Semitekol v. Monaco Coach Corp.*,
582 F. Supp. 2d 1009 (N.D. Ill. 2008) ...................................................................................14

*Smith v. BOC Group*,
No. 00 C 7909, 2001 WL 477237 (N.D. Ill. May 4, 2001) ....................................................12

*Stella v. LVMH Perfumes & Cosmetics USA, Inc.*,
564 F. Supp. 2d 833 (N.D. Ill. 2008) .....................................................................................14

*Strauss v. City of Chicago*,
760 F.2d 765 (7th Cir. 1985) .................................................................................................15

*Thorogood v. Sears, Roebuck and Co.*,
No. 06 C 1999, 2006 WL 3302640 (N.D. Ill. Nov. 9 2006)...................................................18

*Tillman v. Taro Pharm. Indus., Ltd.*,
No. 10-cv-04202, 2011 WL 3704762 (N.D. Ill. Aug. 17, 2011) ............................................15

*Tillman v. U.S. Energy Sav. Corp.*,
No. 08 C 1641, 2008 WL 2754813 (N.D. Ill. July 14, 2008) ..................................................2

*TMLS Motor Corp. v. Toyota Motor Distribs., Inc.*,
912 F. Supp. 329 (N.D. Ill. 1995) ............................................................................................6

*Vicom, Inc. v. Harbridge Merch. Servs., Inc.*,
20 F.3d 771 (7th Cir. 1994) ......................................................................................................6

*In re Wellbutrin XL Antitrust Litig.*,
260 F.R.D. 143 (E.D. Pa. 2009)...........................................................................................2, 17

**State Cases**

*Anderson v. Farmers Hybrid Cos., Inc.*,
408 N.E.2d 1194 (Ill. App. Ct. 1980) ....................................................................................16

*Avery v. State Farm Mut. Auto. Ins. Co.*,
835 N.E.2d 801 (Ill. 2005) ......................................................................................................10

*Barbara's Sales, Inc. v. Intel Corp.*,
879 N.E.2d 910 (Ill. 2007)......................................................................................................10

*Bimex Corp. v. Elite Plastic Servs., Inc.*,
558 N.E.2d 299 (Ill. App. Ct. 1990) ......................................................................................17

*Gredell v. Wyeth Labs., Inc.*,
854 N.E.2d 752 (Ill. App. Ct. 2006) .........................................................................................9

*Guinn v. Hoskins Chevrolet*,
836 N.E.2d 681 (Ill. App. Ct. 2005) ......................................................................................18

*Hrosik v. J. Keim Builders*,
345 N.E.2d 514 (Ill. App. Ct. 1976) ......................................................................................14

*Mekertichian v. Mercedes-Benz U.S.A., L.L.C.*,
807 N.E.2d 1165 (Ill. App. Ct. 2004) .....................................................................................11

*Oliveira v. Amoco Oil Co.*,
776 N.E.2d 151 (Ill. 2002).........................................................................................................4

**United States Constitution**

U.S. CONST. art. III .......................................................................................................................2

**Federal Rules**

FED. R. CIV. P. 12(b)(1) ....................................................................................1

FED. R. CIV. P. 12(b)(6) ....................................................................................3

FED. R. CIV. P. 9(b) ................................................................................. *passim*

**State Statutes**

Consumer Fraud and Deceptive Business Practices Act, 815 ILL. COMP. STAT. §
    505 (2013) ........................................................................................ *passim*

810 ILL. COMP. STAT. § 5/2-313 (2013) ............................................................11

810 ILL. COMP. STAT. § 5/2-314 (2013) ............................................................11

810 ILL. COMP. STAT. § 5/2-315 (2013) .......................................................11, 16

**Other Authorities**

5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND
    PROCEDURE § 1216 (3d ed. 2004) ................................................................3

Defendants Star Scientific, Inc. ("Star Scientific"), Rock Creek Pharmaceuticals, Inc. ("Rock Creek"), and GNC Holdings, Inc. ("GNC"), by their undersigned counsel, hereby respectfully submit this Memorandum of Law in support of their Motion to Dismiss the Complaint of Plaintiff Howard T. Baldwin (i) pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing to assert claims under the laws of any jurisdiction other than Illinois; and (ii) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## I.      INTRODUCTION

Plaintiff filed this putative class action against Star Scientific, Rock Creek, and GNC, asserting claims for alleged violations of consumer protection statutes in thirty-six states and the District of Columbia (Count I), breach of express and implied warranties under the laws of all fifty states and the District of Columbia (Counts II and III), and unjust enrichment (Count IV). The Complaint contains highly generalized allegations regarding purported representations made by "Defendants" regarding the efficacy of Star Scientific's product Anatabloc in "treating" various ailments, and the alleged involvement of the Johns Hopkins School of Medicine in studies of the product and its active ingredients. Importantly, however, the Complaint does not allege the specific content of any such purported representations by any individual Defendant. Plaintiff's allegations fall well short of stating a claim upon which relief can be granted, and consequently Plaintiff's Complaint should be dismissed.

## II.      ARGUMENT

### A.      Plaintiff's Claims Under the Laws of Jurisdictions Other Than Illinois Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(1)

For the reasons discussed below, Plaintiff lacks standing to assert claims under the laws of any jurisdiction other than Illinois.

### 1. Legal Standard

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). "The standing requirements under Article III of the Constitution are well settled: 'injury in fact, a causal connection between the injury and the defendant's conduct, and likely redressability through a favorable decision.'" *Disability Rights Wisconsin, Inc. v. Walworth Cnty. Bd. of Supervisors*, 522 F.3d 796, 800 (7th Cir. 2008) (citation omitted). "The party seeking to invoke federal jurisdiction . . . has the burden of establishing that it meets the requirements of standing."[1] *Id.*

### 2. Plaintiff Lacks Standing to Assert Claims Under the Laws of States Other Than Illinois on Behalf of Purchasers in Those States

"Standing cannot be acquired through the back door of a class action." *Payton v. Cnty. of Kane*, 308 F.3d 673, 682 (7th Cir. 2002) (internal quotations and citation omitted). It is well-established that "named plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury." *In re Ductile Iron Pipe Fittings ("DIPF") Indirect Purchaser Antitrust Litig.*, No. 12-169, 2013 WL 5503308, at *11 (D.N.J. Oct. 2, 2013); *see also Xi Chen Lauren v. PNC Bank, N.A.*, No. 2:13-cv-762, 2014 WL 123099, at *2 (W.D. Pa. Jan. 14, 2014) (dismissing for lack of standing named plaintiff's unjust enrichment claims arising under the laws of states where plaintiff suffered no injury); *Dairy Farmers*, 2013 WL 4506000, at *6-8 (dismissing for lack of standing named plaintiffs' claims

---

[1] Standing is a threshold question, and thus "the Seventh Circuit has continued to resolve standing challenges before class certification." *In re Plasma-Derivative Protein Therapies Antitrust Litig.*, No. MDL 2109, 09 C 7666, 2012 WL 39766, at *5 (N.D. Ill. Jan. 9, 2012) (citing *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008) (concluding that "class certification issues are not logically antecedent to the Article III standing question"); *see also In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 09 CR 3690, 2013 WL 4506000, at *5-6 (N.D. Ill. Aug. 23, 2013) (ruling on named plaintiffs' standing prior to class certification); *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 920-23 (N.D. Ill. 2009), *rev'd on other grounds sub nom. Minn-Chem, Inc. v. Agrium Inc.*, 657 F.3d 650 (7th Cir. 2011); *Tillman v. U.S. Energy Sav. Corp.*, No. 08 C 1641, 2008 WL 2754813, at *2 (N.D. Ill. July 14, 2008).

arising under laws of states where plaintiffs did not live or purchase product); *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 157-58 (E.D. Pa. 2009) (same); *Potash*, 667 F. Supp. 2d at 924 (same).

Plaintiff alleges that he is a citizen of Illinois, and that he was damaged as a result of his purchase of Anatabloc from a GNC store in Illinois and on-line from Rock Creek. (Plaintiff's Complaint ¶ 9) Plaintiff does not allege that he has suffered any injury in any jurisdiction other than Illinois, or that he has otherwise suffered an injury-in-fact in any state other than Illinois. Accordingly, Plaintiff lacks Article III standing to assert claims under the laws of any jurisdiction other than Illinois. Consequently, each count of the Complaint must be dismissed to the extent it purports to assert a claim under the law of foreign states.

**B.     The Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6)**

As an initial matter (and as discussed above), Plaintiff does not have Article III standing to pursue claims other than those arising under Illinois law. Therefore, whether Plaintiff's Complaint states a claim upon which relief can be granted is governed by Illinois law. As set forth below, the Complaint fails to state such a claim when assessed against the federal pleading standard.

**1.     Legal Standard**

To satisfy federal pleading requirements, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A "statement of facts that merely creates a suspicion [of] a legally cognizable right of action" is insufficient. *Twombly*, 550 U.S. at 555 (alteration in original) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, 235-36 (3d ed. 2004)). Plausibility requires "more than a sheer possibility that a defendant has acted

unlawfully," *Iqbal*, 556 U.S. at 678, and a complaint pleading facts that are "'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility . . . .'" *Id.* (citing *Twombly*, 550 U.S. at 557). In order to state a claim that is plausible on its face, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In applying this standard, the court must disregard conclusions couched as factual allegations, as well as allegations which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim. *Id.* at 681 (quoting *Twombly*, 550 U.S. at 555).

## 2. Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted Under the Illinois Consumer Fraud and Deceptive Business Practices Act

In Count I of the Complaint, Plaintiff attempts to allege that Star Scientific, Rock Creek, and GNC violated various state consumer protection laws, including the Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois Consumer Fraud Act" or "ICFA"). To establish a claim under the ICFA, a plaintiff must allege: (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, (4) actual damage to the plaintiff, and (5) that the actual damage was proximately caused by the deception. *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 160 (Ill. 2002); *see also Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 883 (7th Cir. 2005).

Claims of fraud brought under the ICFA in federal court are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *DeLeon v. Beneficial Constr. Co.*, 55 F. Supp. 2d 819, 825 (N.D. Ill. 1999); *see also Duggan v. Terzakis*, 275 F. Supp. 2d 968, 972 (N.D. Ill. 2003); *Padilla v. Costco Wholesale Corp.*, No. 11 C 7686, 2012 WL 2397012, at *3 (N.D. Ill. June 21, 2012). Under Rule 9(b), claims of fraud must be alleged with particularity.

*DeLeon*, 55 F. Supp. 2d at 825.  A plaintiff must allege the "identity of the persons making the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated."  *Id.* (internal quotations and citation omitted); *see also Muehlbauer v. General Motors Corp.*, 431 F. Supp. 2d 847, 860 (N.D. Ill. 2006) (requiring allegation of fraud be made with "specific detail, including the who, what, when, where, and how of the specific misconduct").  As discussed below, Plaintiff's allegations fall woefully short of pleading a claim under the ICFA under either *Twombly* or the more demanding requirements of Rule 9(b).

i.      *Plaintiff Fails to Allege with Particularity a Deceptive Act by an Individual Defendant.*

Plaintiff alleges that "Defendants" violated the ICFA by "misrepresenting the characteristics, uses, benefits, quality, and intended purposes of Anatabloc." (Compl. ¶ 70)  It is entirely unclear, however, what *particular* representations, if any, constitute the basis for Plaintiff's ICFA claim, much less *who* made them, *when* they were made, *where* they were made, and *how they are false*.  This is because throughout much of the Complaint, rather than alleging specific examples of representations made by Star Scientific, Rock Creek, or GNC, Plaintiff instead provides highly generalized allegations regarding representations ostensibly made by "Defendants" concerning the efficacy of Anatabloc without providing details into the content of these alleged representations.  (*See, e.g.*, Compl. ¶¶ 1 ("Defendants promote Anatabloc as a 'wonder drug' with a number of medical benefits and uses, from treating excessive inflammation (associated with arthritis) to Alzheimer's disease, traumatic brain injury (or concussions), diabetes and multiple sclerosis."), 15 ("Defendants billed Anatabloc as a miracle supplement, with a variety of medical benefits and uses, ranging from inhibiting inflammation to treating a number of ailments, including Alzheimer's disease, traumatic brain

5

injury, ulcers, diabetes, and multiple sclerosis."), 19 ("Defendants marketed Anatabloc for the treatment of a whole host of diseases, including inflammation such as that associated with arthritis, even though Anatabloc cannot, in fact, treat those diseases.")).

Allegations of this nature are insufficient to state a claim under the ICFA because, among other things, they fail to plead with particularity a deceptive act or practice by any individual defendant. *TMLS Motor Corp. v. Toyota Motor Distribs., Inc.*, 912 F. Supp. 329, 334 (N.D. Ill. 1995) ("Where the plaintiff alleges that multiple defendants committed a fraud, the complaint may not simply lump all the defendants together, but must specify which defendant committed which allegedly fraudulent act.") (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994)).

Plaintiff's other generalized allegations (Compl. ¶¶ 5 ("Star Scientific and Rock Creek . . . launched a marketing ploy in which they conveyed the false and misleading impression that Johns Hopkins University School of Medicine ('Johns Hopkins') was officially and independently sponsoring and carrying out studies of Anatabloc in order to give scientific credibility to the claims about the products' miraculous benefits and uses."), 27 ("GNC touted Anatabloc without any evidence that Anatabloc could in fact provide a benefit to consumers."), 45 ("[A]lthough the Company had touted Anatabloc as being a potential treatment for a number of diseases, these claims had not been verified by the FDA or in human clinical trials."), 56 ("Plaintiffs [sic] and the Class purchased Anatabloc based on Defendants' misrepresentations that Anatabloc would provide a benefit.")) also are insufficient in that they do not include "the identity of the persons making the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated" as required in order to allege a claim under the ICFA with the particularity required by Rule 9(b).

*DeLeon*, 55 F. Supp. 2d at 825; *see also*, *Muehlbauer*, 431 F. Supp. 2d at 860; *Sefton v. Toyota Motor Sales U.S.A.*, No. 09 C 3787, 2010 WL 1506709, at *4 (N.D. Ill. Apr. 14, 2010). Curiously, the closest Plaintiff comes to alleging the "who," "what," "where," "when," or "how" of any representations occurs in paragraphs quoting statements made by *third party stock analysts*. (Compl. ¶¶ 36, 41, 46) Because these paragraphs do not purport to set forth representations made by any Defendant, they should be disregarded for purposes of this motion.[2] *Siegel ex rel. Latham v. J & H Marsh & McLennon, Inc.*, 159 F. Supp. 2d 1118, 1127 (N.D. Ill. 2001) (holding that plaintiff failed to state claim for fraud because alleged statements were made by third-party and thus were not attributable to defendant).

  ii.  *Plaintiff Fails to Allege with Particularity When or Where He Saw the Alleged Representations.*

   Plaintiff alleges that he purchased Anatabloc "because he saw and was deceived by Defendants' advertisements." (Compl. ¶ 9) These allegations are insufficient to meet the pleading standard of Rule 9(b). Under Rule 9(b), a plaintiff must allege not only that he saw the alleged representations, but precisely *when* and *where* he saw the alleged representations. *Greifenstein v. The Estée Lauder Corp., Inc.*, No. 12-cv-09235, 2013 WL 3874073, at *4 (N.D. Ill. July 25, 2013) (citing *Sefton*, 2010 WL 1506709, at *5) ("[Plaintiff] must plead when and where she *saw* the alleged misrepresentations, not when and where she *purchased* the [product]."); *see also In re Sears, Roebuck & Co. Tools Marketing and Sales Practices Litig.*, No. MDL-1703, 2009 WL 937256, at *6 (N.D. Ill. Apr. 6, 2009) (dismissing complaint where

---

[2]  Each of these allegations appears in the section of the Complaint which attempts to allege that Star Scientific misrepresented the role of Johns Hopkins in studies of Anatabloc. Notably, another third party article quoted in the same section of the Complaint includes the following observation: "Why did Star Scientific omit Ladenson's academic affiliation from its Jan. 7 press release? Likely because as Desmon made clear, Ladenson's role in Star Scientific's anatabine thyroid disease study had nothing to do with Johns Hopkins." (Compl. ¶ 48) Ironically, Plaintiff's article criticizes Star for *not* stating that Johns Hopkins was involved in an anatabine/Anatabloc study.

plaintiffs, despite referencing specific advertisements in their complaint, "fail[ed] to allege that they saw any particular misrepresentations or the specific content of the misrepresentation").

Plaintiff has failed to plead what specific representations he read, heard or saw, when he received them, or where he received them. Instead, Plaintiff merely states that "he saw and was deceived by Defendants' [unspecified] advertisements." Plaintiff does not allege that he read the Anatabloc packaging or labeling; Plaintiff does not allege that he saw the advertisement depicted in paragraph twenty-one of the Complaint (or any other particular advertisement); Plaintiff does not allege that he saw any promotion or advertisement indicating that GNC had named Anatabloc as its "Wellness Winner" of 2012 or that GNC gave Anatabloc its "gold seal" award; and Plaintiff does not allege that he read any of Star Scientific's press releases or announcements. Plaintiff therefore has failed to allege with sufficient particularity a deceptive act committed by Star Scientific, Rock Creek, or GNC. Consequently, Plaintiff's ICFA claim must be dismissed. *Greifenstein*, 2013 WL 3874073, at *4; *see also In re Sears, Roebuck & Co. Tools Marketing and Sales Practices Litig.*, 2009 WL 937256, at *6.

> ### iii. Plaintiff Fails to Allege with Particularity How the Alleged (but Unspecified) Representations Were False or Deceptive.

Under Rule 9(b), a plaintiff cannot merely allege that representations are false; rather, he must also allege with particularity *how* the representations are false. *Greifenstein*, 2013 WL 3874073, at *4 ("[Plaintiff's] complaint . . . does not plead with particularity *how* the . . . claims she identifies are false.") (emphasis in original).

Plaintiff alleges that "Defendants" misrepresented the efficacy of Anatabloc by "promot[ing]" the product as having various "benefits," without substantiation. (*See, e.g.,* Compl. ¶¶ 2 ("The problem, however, is that Defendants have never proven any of these substantial claims in clinical trials or received U.S. Food and Drug Administration ('FDA')

approval for its products."), 16 ("Star Scientific launched the Anatabloc dietary supplement in August 2011 - even though it had yet to achieve any clinical results showing Anatabloc was effective"), 45 ("[A]lthough the Company had touted Anatabloc as being a potential treatment for a number of diseases, these claims had not been verified by the FDA or in human clinical trials")).

These allegations are insufficient because under Illinois law, a plaintiff attempting to allege a fraud claim based on asserted representations alleged to lack substantiation must allege that the defendant represented or implied that there was substantiation for the representations, when in fact there was none. *Gredell v. Wyeth Labs., Inc.*, 854 N.E.2d 752, 756 (Ill. App. Ct. 2006) ("Lack of substantiation is deceptive only when the claim at issue implies there is substantiation for that claim . . . ."); *see also Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 939 n.2 (7th Cir. 2001). Plaintiff does not allege that Star Scientific, Rock Creek, or GNC ever represented that Anatabloc was proven to treat or cure any particular diseases or ailments, much less that any Defendant also represented or implied there was substantiation for these phantom representations, as required to plead fraud based on a lack of substantiation. Plaintiff's allegations based upon lack of substantiation therefore are deficient. *Gredell*, 367 Ill. App. 3d at 291 (finding that lack of substantiation for alleged claims would have been deceptive if defendants had claimed "something along the lines of 'tests show that Phenergan Expectorant Plain is effective for cough suppression' or 'Phenergan Expectorant Plain is more effective for cough suppression than XYZ Expectorant'"); *see also Greifenstein*, 2013 WL 3874073, at *4 (finding claim that product was "clinically proven" represented existence of substantiation).

Notably, the back panel of the Anatabloc package (Compl. ¶ 18) includes the following disclaimer, framed for emphasis in a box immediately above "Supplement Facts": "*These

statements [referring to "Anti-Inflammatory Support*"] have not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure or prevent any disease." Plaintiff's generalized, non-specific, and vague allegations of misrepresentation simply do not give rise to a plausible claim of fraud in light of this express disclaimer. *See Eckler v. Wal-Mart Stores, Inc.*, No. 12-CV-727-LAB-MDD, 2012 WL 5382218, at *6-7 (S.D. Cal. Nov. 1, 2012) (dismissing consumer fraud claim under California law pursuant to Rule 9(b) where the product label indicated that the product "is not intended to diagnose, treat, cure, or prevent any disease," which went "straight to the question whether her claims have facial plausibility").

Plaintiff's allegations regarding representations purportedly made by GNC are also deficient. Plaintiff alleges that an advertisement for Anatabloc has appeared in GNC store windows, but Plaintiff does not allege that the advertisement was false or deceptive. (Compl. ¶ 21) Plaintiff alleges that GNC named Anatabloc as its "'Wellness Winner" in the category of "'Best Product Innovation' for 2012" and awarded Anatabloc with its "'gold seal' award," but does not allege how these "representations" were false or deceptive. (Compl. ¶¶ 23-24) Furthermore, all of these "representations" amount to mere puffery. "Puffing denotes the exaggerations reasonably expected of a seller as to the degree of quality of his or her product, the truth or falsity of which cannot be precisely determined." *Barbara's Sales, Inc. v. Intel Corp.*, 879 N.E.2d 910, 926 (Ill. 2007). "[W]ords such as 'best' are not actionable representations of fact." *Id.* (citing *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801 (Ill. 2005)). Similarly, Plaintiff's allegation that GNC represented that Anatabloc "could" (*not* "would") provide a "benefit" (Compl. ¶ 27) is so vague and devoid of specifics (e.g., what kind of "benefit") that it is meaningless, and as noted above, the deficiency of the allegation is compounded by the fact that Plaintiff did not allege if or when he personally saw or heard any

such representation by GNC. Furthermore, as discussed above, in order to allege a fraud claim under Illinois law based on lack of substantiation, a plaintiff must allege that the defendant (for purposes of this allegation, GNC) represented that substantiation existed when in fact it did not. *Gredell*, 854 N.E.2d at 756. The Complaint lacks such allegations.

### 3. Plaintiff Has Failed to State a Claim for Breach of Express or Implied Warranty

In Counts II and III of the Complaint, Plaintiff alleges that Star Scientific, Rock Creek, and GNC breached express and implied warranties under the Illinois Commercial Code, 810 ILL. COMP. STAT. §§ 5/2-313, 2-314 and 2-315. These Counts fail, for several reasons.

#### i. Counts II and III Must Be Dismissed as to Star Scientific Because Plaintiff Has Not Alleged Privity of Contract.

Privity of contract requires "that the party suing has some contractual relationship with the one sued." *Caterpillar, Inc. v. Usinor Industeel*, 393 F. Supp. 2d 659, 677 (N.D. Ill. 2005) (internal quotations and citation omitted). Under Illinois law, privity of contract is required for breach of express and implied warranty claims seeking economic losses. *N. Ins. Co. of N.Y. v. Silverton Marine Corp.*, No. 10 CV 345, 2010 WL 2574225, at *2 (N.D. Ill. June 23, 2010) (citing *Collins Co., Ltd. v. Carboline Co.*, 837 F.2d 299, 301 (7th Cir. 1988)) (express warranty); *see also In re McDonald's French Fries Litig.*, 503 F. Supp. 2d 953, 957 (N.D. Ill. 2007) (express warranty); *Caterpillar*, 393 F. Supp. at 677-78 (express and implied warranty); *Allstate Ins. Co. v. Toyota Motor Mfg. N. Am., Inc.*, No. 09 C 1517, 2009 WL 3147315, at *2 (N.D. Ill. Sept. 28, 2009) (implied warranty); *Mekertichian v. Mercedes-Benz U.S.A., L.L.C.*, 807 N.E.2d 1165, 1168 (Ill. App. Ct. 2004) (implied warranty). Plaintiff does not allege he purchased Anatabloc from Star Scientific, nor does Plaintiff allege the existence of a contractual relationship between Plaintiff and Star Scientific. Thus, Plaintiff is not in privity of contract with

Star Scientific.  As a result, Counts II and III of Plaintiff's Complaint must be dismissed as against Star Scientific.

> ## ii.     Count II Must Be Dismissed as to All Defendants.

In order to state a claim for breach of express warranty under Illinois law, a plaintiff must allege: (1) the defendant made an affirmation of fact or promise to the plaintiff, (2) the affirmation or promise related to the goods, (3) the affirmation or promise became part of the basis of the bargain, and (4) the defendant guaranteed the goods would conform to the affirmation or promise.  *Int'l Bhd. of Teamsters Local 734 Health and Welfare Trust Fund v. Phillip Morris, Inc.*, 34 F. Supp. 2d 656, 664 (N.D. Ill. 1998).  Plaintiff alleges that "Defendants expressly warranted that Anatabloc could treat or cure a variety of ailments and diseases." (Compl. ¶ 82)  As discussed below, this allegation fails to state a claim for breach of express warranty against any individual Defendant.

Most fundamentally, Plaintiff has failed to adequately allege the terms of the purported express warranty, or attach a copy of any warranty to the Complaint.  Failure to do so warrants dismissal.  *Silverton Marine*, 2010 WL 2574225, at *6 (citing *Smith v. BOC Group*, No. 00 C 7909, 2001 WL 477237, at *5 (N.D. Ill. May 4, 2001)).  "Under an express warranty, the language of the warranty itself dictates the obligations of the parties." *Heisner ex rel. Heisner v. Genzyme Corp.*, No. 08-C-593, 2008 WL 2940811, at *8 (N.D. Ill. July 25, 2008).  "Even before *Twombly* . . . some courts required that plaintiffs at least mention the particular promise or description that allegedly gave rise to an express warranty. . . . Post-*Twombly*, the federal pleading standard requires more than a 'formulaic recitation of the elements of a cause of action.'"  *Id.* at *8-9 (citation omitted) (dismissing breach of express warranty claim where plaintiff alleged defendant "expressly warranted to Plaintiff by and through statements made . . .

orally and in publications, package inserts, and other written materials . . . that [the product] was safe, effective, fit and proper for its intended use") .

Like the plaintiff in *Heisner*, Plaintiff does not specify "any particular affirmation, promise, description, or sample that formed part of the basis of his bargain" with Star Scientific, Rock Creek, or GNC. *Id.* at *9. The lack of precision in Plaintiff's allegations fails to put Star Scientific, Rock Creek, or GNC on notice as to the substance of his claim for breach of express warranty. *Id.* ("This seems to be precisely the type of claim that is too indefinite to meet the *Twombly* standard.").

Furthermore, even assuming *arguendo* that Plaintiff has sufficiently pled the existence of an affirmation or promise related to the goods, Plaintiff has failed to sufficiently allege that any such affirmation or promise ever became part of the basis of the bargain. "Under Illinois law, a buyer must show reliance on the seller's representations in order for those representations to form part of the basis of the bargain." *Pressalite Corp. v. Matsushita Elec. Corp. of Am.*, No. 02 C 7086, 2003 WL 1811530, at *3 (N.D. Ill. Apr. 4, 2003). Although Plaintiff summarily alleges that he "did rely on the express warranties of the Defendants" (Compl. ¶ 85), he has not alleged when or where the alleged affirmations or promises were communicated to him, or when he actually purchased Anatabloc. (*See* Compl. ¶ 9 ("Mr. Baldwin purchased Anatabloc . . . during the Class Period. He purchased Anatabloc because he saw and was deceived by Defendants' advertisements.")) Plaintiff fails to allege that any erroneous affirmation or promise was actually communicated to Plaintiff *before* he purchased Anatabloc. If the affirmation or promise was not communicated to Plaintiff before his purchase of Anatabloc, Plaintiff could not have relied upon such affirmation or promise, and thus the affirmation or promise could not have become part of the basis of the bargain as required to maintain a claim for breach of express warranty. *Miller v.*

*Showcase Homes, Inc.*, No. 98 C 2009, 1999 WL 199605, at *8 (N.D. Ill. Mar. 31, 1999) ("Essential to the formation of a warranty [under Illinois law] is the buyer's reliance on the representations of the seller. When, prior to the time the alleged warranty is made, the buyer has already obligated himself to the purchase, this element of reliance is missing.") (citing *Hrosik v. J. Keim Builders*, 345 N.E.2d 514, 515 (Ill App. Ct. 1976)); *see also Karpowicz v. General Motors Corp.*, No. 97 C 1390, 1997 WL 413929, at *7 (N.D. Ill. July 18, 1997) ("[U]nder Illinois law, post-sale representations which are not supported by new or additional consideration do not constitute 'warranties' . . . .").

Finally, to the extent that any alleged affirmations or promises were made by Star Scientific in its advertisements, press releases, or promotional materials, Plaintiff cannot impute such affirmations or promises to Rock Creek or GNC for the purposes of creating an express warranty. *Ibarolla v. Nutrex Research, Inc.*, No. 12 C 4848, 2012 WL 5381236, at *7 (N.D. Ill. Oct. 31, 2012) (citing *Semitekol v. Monaco Coach Corp.*, 582 F. Supp. 2d 1009, 1029 (N.D. Ill. 2008) ("In Illinois, the mere delivery, presentation or explanation of a manufacturer's warranty, without more, does not render a dealer a cowarrantor by adoption.")). Therefore, insofar as Plaintiff's claim for breach of express warranty is based on affirmations or promises ostensibly made by Star Scientific, Plaintiff's allegation that Rock Creek or GNC, as one of the "Defendants," "expressly warranted that Anatabloc could treat or cure a variety of ailments and diseases," fails to state a claim upon which relief can be granted as against Rock Creek and GNC.

        *iii.*        *Count III Must Be Dismissed as to All Defendants.*

In Count III of the Complaint, Plaintiff attempts to allege that Star Scientific, Rock Creek, and GNC breached implied warranties of merchantability and fitness for a particular

purpose.  For the reasons stated below, Plaintiff fails to state a claim for breach of implied warranties of merchantability or fitness for a particular purpose against any Defendant.

<blockquote>a.    Plaintiff Has Failed to State a Claim for Breach of an Implied Warranty of Merchantability.</blockquote>

To state a claim for breach of implied warranty of merchantability under Illinois law, a plaintiff must allege: "(1) a sale of goods, (2) by a merchant of those goods, and (3) the goods were not of merchantable quality."  *Jamison v. Summer Infant (USA), Inc.*, 778 F. Supp. 2d 900, 912 (N.D. Ill. 2011) (internal quotations and citation omitted).  "For goods to be considered 'merchantable,' they must conform to a set of standards which includes being 'fit for the ordinary purposes for which such goods are used.'"  *Stella v. LVMH Perfumes & Cosmetics USA, Inc.*, 564 F. Supp. 2d 833, 836 (N.D. Ill. 2008) (quoting 810 ILL. COMP. STAT. § 5/2-314(c)).  "While the Federal Rules of Civil Procedure allow for liberal notice pleading, conclusory allegations regarding [a product's] merchantability and fitness are not sufficient to state a claim for breach of implied warranty of merchantability absent some factual support." *Indus. Hard Chrome, Ltd. v. Hetran, Inc.*, 64 F. Supp. 2d 741, 748 (N.D. Ill. 1999) (citing *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985)) (dismissing plaintiffs' claim for breach of implied warranty of merchantability where plaintiffs failed to allege ordinary purpose of product or how product was unfit for its ordinary purpose); *see also Tillman v. Taro Pharm. Indus., Ltd.*, No. 10-cv-04202, 2011 WL 3704762, at *8 (N.D. Ill. Aug. 17, 2011) (dismissing plaintiff's claims for breach of implied warranties of merchantability and fitness for particular purpose where plaintiff failed to specify for what purpose she consumed prescription anticonvulsant).  Plaintiff has failed to allege the ordinary purpose of Anatabloc, for what purpose he purchased Anatabloc, or how Anatabloc was unfit for its ordinary purpose.  Nor can the alleged ordinary purpose of Anatabloc be easily inferred from Plaintiff's other allegations in

the Complaint.  Because he has failed to allege adequately that Anatabloc was not merchantable, Plaintiff's claim for breach of implied warranty of merchantability must be dismissed as against all Defendants.

>    b.    Plaintiff Has Failed to State a Claim For Breach of an Implied
>          Warranty of Fitness for a Particular Purpose.

To state a claim for breach of implied warranty of fitness for a particular purpose under Illinois law, a plaintiff must allege that (1) at the time of contracting,[3] the seller had reason to know of the particular purpose for which the buyer required the goods; (2) the buyer relied on the seller's skill and judgment to select suitable goods; and (3) the seller knew of the buyer's reliance on its skill and judgment.  810 ILL. COMP. STAT. 5/2-315; *see also In re McDonald's French Fries Litig.*, 503 F. Supp. 2d at 957; *Merix Pharm. Corp. v. Clinical Supplies Mgmt., Inc.*, No. 11 C 3318, 2012 WL 1577676, at *7 (N.D. Ill. May 4, 2012).  "For such a warranty to exist, the goods must be for a purpose *other than* their ordinary use."  *Indus. Hard Chrome*, 64 F. Supp. 2d at 746 (emphasis supplied); *see also Anderson v. Farmers Hybrid Cos., Inc.*, 408 N.E.2d 1194, 1201 (Ill. App. Ct. 1980).

Plaintiff does not allege that Star Scientific, Rock Creek, or GNC had reason to know of the particular purpose for which Plaintiff required Anatabloc at the time Plaintiff purchased the product.  Furthermore, Plaintiff does not allege that he purchased Anatabloc to treat any particular ailment, disease, or condition, or for any other particular purpose other than its ordinary use (which itself is not alleged).  If a seller does not know or have reason to know of the particular purpose for which a buyer requires a product, then no implied warranty of fitness for a particular purpose arises.  *In re McDonald's French Fries Litigation*, 503 F. Supp. 2d at 957 (dismissing complaint alleging breach of warranty of fitness for a particular purpose where

---

[3]    As discussed above, an additional ground that no warranty claim (either express or implied) can stand against Star Scientific is that Plaintiff does not allege privity of contract with Star Scientific.

plaintiff failed to identify the particular, non-ordinary use of the product) (citing *Twombly*, 550 U.S. at 561); *see also Bimex Corp. v. Elite Plastic Servs., Inc.*, 558 N.E.2d 299, 301 (Ill. App. Ct. 1990).

Moreover, Plaintiff fails to allege that he relied on Star Scientific, Rock Creek, and/or GNC's skill and judgment in purchasing Anatabloc. Plaintiff alleges that he "reasonably relied upon the skill and judgment of Defendants *as to whether Anatabloc was of merchantable quality*." (Compl. ¶ 97) (emphasis supplied) This allegation, however, improperly conflates the elements for breach of an implied warranty of fitness for a particular purpose with those for breach of an implied warranty of merchantability. Plaintiff appears to allege that he relied on the skill and judgment of Star Scientific, Rock Creek, and GNC to select *merchantable* goods, but that is not an element of a claim for breach of an implied warranty of fitness for a particular purpose. Furthermore, Plaintiff also has failed to allege that Star Scientific, Rock Creek, or GNC *knew* of his alleged reliance on its skill and judgment. *Indus. Hard Chrome, Ltd.*, 64 F. Supp. 2d at 748 (dismissing claim for breach of implied warranty of fitness for a particular purpose where plaintiff failed to allege defendant knew of plaintiff's reliance on defendant's skill and judgment while purchasing product). For all the reasons stated above, Plaintiff's claim for breach of implied warranty of fitness for a particular purpose must be dismissed as against all Defendants.

### 4. Plaintiff Has Failed to State a Claim for Unjust Enrichment

In Count IV, Plaintiff alleges that Star Scientific, Rock Creek, and GNC were unjustly enriched; however, Plaintiff has not identified the law governing this claim. (Compl. ¶¶ 106-09) Count IV therefore fails to state a cause of action. *Wellbutrin*, 260 F.R.D. at 167 ("The plaintiffs fail to link their [unjust enrichment] claim to the law of any particular state. As a result of this deficiency, the plaintiffs fail to state a cause of action . . . .") Furthermore, as discussed below, the Count is deficient for at least three reasons, even assuming that Illinois law applies.

"Unjust enrichment is a 'quasi-contract' theory that permits courts to imply the existence of a contract where none exists in order to prevent unjust results." *Prudential Ins. Co. of Am. v. Clark Consulting, Inc.*, 548 F. Supp. 2d 619, 622 (N.D. Ill. 2008) (citation omitted). Where the relationship between a plaintiff and defendant is governed by contract, the plaintiff may not bring a claim for unjust enrichment unless the claim falls outside the scope of the contact. *Id.* A party may, however, simultaneously allege claims for breach of contract and unjust enrichment, *if* the claims are pled in the alternative. *See Thorogood v. Sears, Roebuck and Co.,* No. 06 C 1999, 2006 WL 3302640, at *5 (N.D. Ill. Nov. 9, 2006).

Plaintiff does not allege that he has pled Count IV in the alternative. Instead, Count IV "incorporate[s] by reference all preceding paragraphs as if fully set forth herein . . . ." (Compl. ¶ 104) This of course includes Plaintiff's allegations that he "purchased Anatabloc" (Compl. ¶ 9) and thus entered into a sales contract, and his allegations regarding the purported existence of express and implied warranties (Compl. ¶¶ 81-92). This is fatal to Plaintiff's attempt to allege unjust enrichment. *Id.* at *5 (citing *Purizer Corp. v. Battelle Memorial Institute*, No. 01 C 6360, 2002 WL 22014, at *5 (N.D. Ill. Jan. 7, 2002)) ("Where unjust enrichment claims incorporate by reference allegations of the existence of a contract between the parties, courts will dismiss the unjust enrichment claim."); *see also Guinn v. Hoskins Chevrolet*, 836 N.E.2d 681, 704 (Ill. App. Ct. 2005) ("[W]hile a plaintiff may plead breach of contract in one count and unjust enrichment . . . in [an]other[], it may not include allegations of an express contract which governs the relationship of the parties, in the count[] for unjust enrichment . . . .") (internal quotations and citation omitted).

In addition, because Plaintiff's claim for unjust enrichment is based on allegations that sound in fraud, Plaintiff's claim for unjust enrichment must be pled with particularity pursuant to

Rule 9(b).  *Bettua v. Sears, Roebuck and Co.*, No. 08 C 1832, 2009 WL 230573, at *5 (N.D. Ill. Jan. 30, 2009); *see also In re Sears, Roebuck & Co. Tools Marketing and Sales Practices Litig.*, 2009 WL 937256, at *11 (dismissing unjust enrichment claims based on fraud where court had already dismissed fraud claims for failure to satisfy Rule 9(b)).  As stated above, Plaintiff has failed to allege with particularity any claim of fraud against Star Scientific, Rock Creek, and GNC.  Consequently, Plaintiff's claim for unjust enrichment must also be dismissed as against all Defendants.  *Bettua*, 2009 WL 230573, at *5 (dismissing plaintiffs' unjust enrichment claim where plaintiffs failed to plead allegations of fraud with particularity).

Finally, a claim for unjust enrichment based on fraud cannot stand on its own after the underlying claims for fraud have been dismissed.  *Ibarolla*, 2012 WL 5381236, at *8 ("'Where the plaintiff's claim of unjust enrichment is predicated on the same allegations of fraudulent conduct that support an independent claim of fraud, resolution of the fraud claim against the plaintiff is dispositive of the unjust enrichment claim as well.'") (quoting *Ass'n Benefit Serv. v. Caremark Rx, Inc.*, 493 F.3d 841, 855 (7th Cir. 2007)).  Dismissal of Plaintiff's ICFA claim as against all Defendants necessitates dismissal of Plaintiff's unjust enrichment claim as against all Defendants as well, because both claims are based on the same allegations of fraud.

## CONCLUSION

For all the foregoing reasons and for the reasons set forth in Defendants' Motion to Dismiss, Defendants Star Scientific, Inc., Rock Creek Pharmaceuticals, Inc., and GNC Holdings, Inc. respectfully request that the Complaint be dismissed ***with prejudice*** as to each of them, and that they be awarded such other and further relief as the Court deems appropriate.

Dated: March 26, 2014

Respectfully submitted,

DEFENDANTS STAR SCIENTIFIC, INC.,
ROCK CREEK PHARMACEUTICALS,
INC., AND GNC HOLDINGS, INC.


By: _____/s/ Paul J. Walsen_____
                      Paul J. Walsen
                      One of their Attorneys

John W. Rotunno
Paul J. Walsen
Molly K. McGinley
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602-4207
Telephone: 312.372.1121
Facsimile: 312.827.8000
      Email: john.rotunno@klgates.com
      Email: paul.walsen@klgates.com
      Email: molly.mcginley@klgates.com
*Attorneys for Defendants Star Scientific, Inc.,*
*Rock Creek Pharmaceuticals, Inc.,*
*and GNC Holdings, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on March 26, 2014 the foregoing was filed with the Clerk of Court using the CM/ECF which will send notification of such filing to the following counsels of record:

Daniel J. Kurowski
Steve W. Berman
Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
1144 W. Lake Street
Suite 400
Oak Park, IL 60301
dank@hbsslaw.com
steve@hbsslaw.com
beth@hbsslaw.com


_____/s/ Paul J. Walsen_____
Paul J. Walsen